## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**CURTIS LEON DAVIS, JR.,**

      Plaintiff,

v.                                         **CIVIL ACTION NO. 3:22-CV-82**
                                                   **(GROH)**

**CORRECTIONAL OFFICER COSTELLO,**

      Defendant.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On May 4, 2022, the *pro se* Plaintiff, an inmate incarcerated at North Central Regional Jail, in Greenwood, West Virginia, filed this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. In addition to the Complaint, Plaintiff also filed a motion to proceed without prepayment of fees. ECF No. 2. On that same date, the Clerk issued a Notice of Deficient Pleading which directed Plaintiff to refile his complaint. ECF No. 4. On May 5, 2022, the Court issued a separate Notice of Deficient Pleading because the pages of the Court-approved form,[1] which Plaintiff did file as an initial complaint, were not filled out completely. ECF No. 6. On May 16, 2022, Plaintiff filed his Amended Complaint on the Court-approved form. ECF No. 11.

On June 23, 2022, Plaintiff filed his Prisoner Trust Account Report and ledger sheets. ECF Nos. 21, 21-1. On June 24, 2022, the Court granted Plaintiff's motion to proceed without prepayment of fees. ECF No. 22. Plaintiff was granted permission to

---

[1] Plaintiff filed some but not all of the pages of the Court-approved form as his initial pleading. ECF No. 1.

proceed without prepayment of an initial partial filing fee because he had zero deposits in the preceding six months and a zero balance in his account.  Id.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  Since Plaintiff is proceeding *in forma pauperis*, the Court must independently screen his Amended Complaint and dismiss the case if it plainly lacks merit.  See 28 U.S.C. § 1915(e)(2)(B).  Furthermore, pursuant to 28 U.S.C. § 1915A, the Court is required to screen each civil case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  Because the undersigned concludes that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's Amended Complaint [ECF No. 11] be DISMISSED without prejudice.

## II.    THE COMPLAINT

Plaintiff's May 16, 2022 Amended Complaint alleged that Correctional Officer Al Costello violated his civil rights under 42 U.S.C. § 1983.  ECF No. 11.  Under Claim One, Plaintiff appears to allege excessive force, describing being maced, "lied on," slammed on his chest, and being forced to stay handcuffed while his skin, eyes, ears, mouth, and nose were "burning."  Id. at 7.  Under Claim Two, Plaintiff challenges the conditions of the jail, describing being placed in a one-man cell with two other inmates with insufficient bedding, or room to place his mattress.  Id. at 8.  As for his alleged injuries, Plaintiff states that he has trouble sleeping and fears for his life.  Id. at 9.  As relief, Plaintiff seeks ten million dollars in damages.  Id.  Plaintiff also requests that the jail conditions improve, the correctional officers do their jobs, or alternatively, that the

jail be permanently closed.  Id.

On the Court-approved complaint form, Plaintiff acknowledged that there is a grievance procedure in place at the North Central Regional Jail.  Id. at 4.  Plaintiff also admitted that he did not file a grievance related to the facts asserted in his Amended Complaint.  Id.  In explaining why he did not file a grievance, Plaintiff simply stated that he "wrote the Senator Shelly Moore" first.  Id.

### III.　LEGAL STANDARD

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed.  See 28 U.S.C. § 1915(e).  Furthermore, pursuant to 28 U.S.C. § 1915A, the Court is required to screen each civil case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  Under both the § 1915(e)(2)(B) and § 1915A(b) standards of review, the court must dismiss the case sua sponte if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

When reviewing pro se complaints, the Court must construe them liberally.  See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  Courts must read pro se allegations in a liberal fashion and hold those pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, "the requirement of liberal construction does not mean that the court can ignore a clear failure . . . to allege facts which set forth a claim currently cognizable" in federal court.  Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

Addressing § 1983 claims specifically, the Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

## IV. ANALYSIS

Plaintiff, an inmate at the North Central Regional Jail, has brought suit against Defendant Correctional Officer, Al Costello, under 42 U.S.C. § 1983. A review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A reveals that Plaintiff has failed to state a claim upon which relief can be granted.

First, Plaintiff has not exhausted his administrative remedies through the jail grievance procedure. Under the Prisoner Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). But an inmate does not need to demonstrate exhaustion of administrative remedies in his complaint. Jones

v. Bock, 549 U.S. 199, 216 (2007).  Instead, exhaustion is an affirmative defense typically reserved for the defendant to raise.  Id.  However, there are exceptions to this rule that allow a court to sua sponte dismiss a complaint for failure to exhaust administrative remedies.  Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).  One such exception permitting sua sponte dismissal is "when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies."  Id.

Here, it is apparent from the face of Plaintiff's Amended Complaint that he has failed to exhaust his administrative remedies.  On the Court-approved complaint form, Plaintiff acknowledged that there is a grievance procedure in place at the North Central Regional Jail.  ECF No. 11 at 4.  Plaintiff then admitted that he did not file a grievance with the jail related to the facts asserted in his Amended Complaint.  Id.  In explaining why he did not file a grievance, Plaintiff simply stated that he "wrote the Senator Shelly Moore" first.  Id.  There is no indication or allegation that the administrative remedy process was unavailable to Plaintiff.  Because it is apparent from the face of Plaintiff's Amended Complaint that he has not exhausted his administrative remedies through the available jail grievance procedures, Plaintiff's Amended Complaint should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Second, even if Plaintiff did exhaust his administrative remedies, Plaintiff has still failed to include sufficient factual matter to plausibly state a claim for relief under § 1983.  To adequately state a § 1983 claim, "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  "Government officials may not be held liable

for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id.

Here, Plaintiff has failed to allege any individual conduct on the part of Defendant Costello to state an actionable § 1983 claim against him. Plaintiff's allegations do not mention Defendant Costello at all, much less describe how Costello violated his civil rights. Accordingly, the undersigned recommends the dismissal of Plaintiff's Amended Complaint and the § 1983 claims asserted therein for failure to state a claim upon which relief can be granted.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Amended Complaint [ECF No. 11] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record, if any, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

**DATED:** July 14, 2022

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE